## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| BRIAN J. JOHNSON )<br>　　Plaintiff ) <br> ) <br> v. ) <br> ) <br> COMPUTER SCIENCES CORPORATION ) <br>　　Defendant ) <br> ) | COMPLAINT <br><br> Civil No. 1:09-cv-261 |

### *COMPLAINT*

Plaintiff, as and for his Complaint herein against Defendant, through his undersigned attorneys, allege:

### *PARTIES*

1.　Plaintiff Brian J. Johnson is an individual residing at 2 Eastmore Lane, Hampton, New Hampshire 03842.

2.　Defendant Computer Sciences Corporation is an entity with a principal place of business located at 2100 E Grand Ave, El Segundo, California 90245.

### *JURISDICTION AND VENUE*

3.　The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 in that the action there is a federal question presented in this case.

4.　Venue is proper pursuant to 28 U.S.C. § 1391(a).

5.　The law of New Hampshire shall be applied.

## *NATURE OF THE ACTION*

6. This is a civil action for damages and attorney's fees arising from Defendant's breach of contract, violation of NH RSA 275:48, II, NH RSA 275:56, I, violation of NH RSA 358-A:2, and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1166(a)(1), 29 U.S.C. § 1021(a)(1) & (2), 29 U.S.C. §1022(a) & (b), 29 U.S.C. §1025(a)(1)(A), and 29 U.S.C. 1132(a)(1)(B) .

## *FACTS COMMON TO ALL CLAIMS*

7. In June of 2006 Plaintiff underwent a physical examination for military enlistment in the United States Army Reserve and was given medical clearance for employment by Computer Sciences Corporation ("CSC").

8. Plaintiff was hired in New Hampshire and employed by Computer Sciences Corporation as a computer engineer at LSA Anaconda in Balad, Iraq, earning an annual salary of One Hundred Eighty Thousand and no/100's ($180,000.00) dollars.

9. As a condition of employment the Defendant CSC promised to provide certain fringe benefits to the Plaintiff, including health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverage and participation in a 401k deferred compensation plan.

10. Upon the Plaintiff's employment with CSC the Plaintiff elected health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverage through his employer CSC and paid amounts to CSC for insurance premiums by deductions from his paychecks.

11.     Plaintiff elected to contribute to a 401k deferred compensation plan through his employer and made contributions to the 401k by deductions from his paycheck.

12.     Although the Plaintiff was hired as a computer engineer he was assigned as a laborer, lifting boxes, loading and unloading boxes for eighty (80) hours per week on average.

13.     During his employment with CSC the Plaintiff developed medical conditions and was diagnosed as suffering from dermatomycosis tinea versicolor, back ache, plantar fasciitis, and carpal tunnel syndrome, and he received medical treatment for those conditions.  On July 30, 2007 the Plaintiff was placed on light duty with restrictions that he should not use hand tools for two weeks. On September 20, 2007 the Plaintiff was recommended by a physician to use nighttime foot braces, back braces, support when lifting, and physical therapy.

14.     The Plaintiff's last full day of work with CSS was Saturday, On September 29, 2007 as he was advised to take a medical leave due to his medical conditions.

15.     The Plaintiff is disabled due to his medical condition and has a claim for short term disability and a potential claim for long term disability under the short term and long term disability policies which he elected coverage through the Defendant CSC.  The Plaintiff has been unable to submit a claim for short term disability or long term disability coverage as the Defendant CSC has refused or otherwise failed to provide information concerning those policies to the Plaintiff.

16.     The Plaintiff asserts that the Defendant CSC should be liable for Plaintiff's damages incurred as a result of his inability to submit his claims for short term and long term disability coverages as the Defendant CSC has refused or otherwise failed to provide information concerning those policies to the Plaintiff.

17.     The Defendant CSC provided a CIGNA health insurance policy number to the Plaintiff which was no good and did not provide health insurance coverage to the Plaintiff under a policy with CIGNA.

18.     The Plaintiff has received no health, dental, vision, life, accidental death and dismemberment and short and long term disability benefits and 401k benefits notwithstanding that CSC deducted funds from his paychecks for the cost of coverage for those benefits.

19.     Although the Defendant received bi-weekly payment of funds in the amount of $333.44 from the Plaintiff to be applied to the cost of employee benefits, the Defendant failed to pay those premiums on behalf of the Plaintiff to ensure that the Plaintiff had health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverage, and to ensure that Plaintiff's funds were contributed to an employee 401k plan as elected by the Plaintiff.

20.     The Plaintiff received no notice of his rights pertaining to the election of COBRA benefits as required to continue his health insurance coverage pursuant to 29 U.S.C. §1166.

21.     The Plaintiff has received medical treatment for which he has incurred medical expenses because he was not covered under any health insurance policy with CIGNA.

22.     The Plaintiff was eligible for short term disability benefits and potentially long term disability benefits, but did not have insurance coverage due to CSC's failure to pay over the sums collected from the Plaintiff for the insurance premiums.

23.     The Plaintiff earned sick or vacation time during the period of his employment with CSC, and CSC has failed to pay the Plaintiff for any of his unused sick or vacation time earned.

24.     The Plaintiff has requested that the Defendant CSC provide a copy of his personnel file to him pursuant NH RSA 275:56, I, but the Defendant has refused or otherwise failed to produce his personnel file.

## *COUNT I*

## *BREACH OF CONTRACT*

25.     The Plaintiff incorporate and re-alleges the allegations contained in paragraphs 1 through 24.

26.     The Plaintiff asserts that as a condition of employment the Defendant CSC promised to provide certain fringe benefits to the Plaintiff, including health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverage and participation in a 401k deferred compensation plan.

27.     The Plaintiff asserts that the Defendant CSC had a duty to pay over to the insurance companies the funds it received from the Plaintiff for insurance premiums to provide health and short and long term disability insurance coverage for the Plaintiff.

28.     The Plaintiff asserts that the Defendant CSC breached its duty to pay the funds collected from the Plaintiff to the respective insurance companies to provide health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverage for the Plaintiff.

29.     The Plaintiff asserts that as a direct and proximate result of the Defendant CSC's failure to pay over the sums collected from the Plaintiff to the respective insurance companies the Plaintiff was left without health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverages.

30. The Plaintiff asserts that he has incurred medical and other expenses as the Plaintiff was not provided health insurance coverage from CIGNA due to the Defendant's failure to pay over the premiums collected from the Plaintiff.

## *COUNT II*

## *VIOLATION OF ERISA*

31. The Plaintiff incorporate and re-alleges the allegations contained in paragraphs 1 through 30.

32. The Defendant CSC in violation of 29 U.S.C. §1132(a)(1)(B) as it has collected funds from the Plaintiff for insurance premiums and has failed to pay those premiums to the insurance companies to provide insurance coverage for the Plaintiff pursuant to the Plaintiff's election of coverage and payment of the premiums.

33. The Defendant CSC in violation of 29 U.S.C. §1166(a)(1) as the Plaintiff received no notice of his rights pertaining to the election of COBRA benefits as required to continue his health insurance coverage.

34. The Plaintiff has suffered damages of medical bills incurred and loss of amounts paid for insurance premiums for which insurance coverage for health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance was not received due to Defendant's violation of 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1166(a)(1).

35. The Plaintiff has suffered damages due to his inability to submit a claim for short term and long term disability insurance benefits due to the Defendant CSC's failure to provide information pertaining to the short term and long term disability policies for which Plaintiff elected coverage and paid premiums.

36. The Defendant CSC received funds from the Plaintiff as contributions to Plaintiff's employee 401k plan and in violation of 29 U.S.C. § 1021(a)(1) & (2), 29 U.S.C. §1022(a) & (b), and 29 U.S.C. §1025(a)(1)(A) failed to provide any information to Plaintiff pertaining to the name and address of the administrator of the account and account number of the Plaintiff's 401k plan in which Plaintiff's funds were to be paid.

37. Mr. Johnson is entitled to reasonable attorney's fees and costs as a result of Defendants' violations of 29 U.S.C. §1166(a)(1), 29 U.S.C. § 1021(a)(1) & (2), 29 U.S.C. §1022(a) & (b), and 29 U.S.C. §1025(a)(1)(A), 29 U.S.C. 1132(a)(1)(B) and allowed for by 29 U.S.C. § 1132(g)(1).

## *COUNT III*

## *VIOLATION OF NH RSA 275:48, II*

38. The Plaintiff incorporate and re-alleges the allegations contained in paragraphs 1 through 37.

39. The Plaintiff asserts that the Defendant CSC after making deductions from the Plaintiff's wages failed to make any payments relative to those deductions on the Plaintiff's behalf, and as a result the Plaintiff did not receive health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverages.

40. Plaintiff asserts that pursuant to NH RSA 275:48, II the Defendant CSC is liable to the Plaintiff for such lost benefits. Plaintiff also asserts that the Defendant CSC's failure to notify the Plaintiff of his rights pertaining to COBRA coverage benefits resulted in the Plaintiff's loss of benefits.

41. Plaintiff asserts that he incurred damages as a result of the Defendant CSC's failure to pay Plaintiff's insurance premiums and that CSC is liable for any cost incurred by the Plaintiff caused by the CSC's failure to make such payments.

42. Plaintiff asserts that he is entitled to liquidated damages and attorney's fees as set forth under NH RSA 275:53 for the Defendant's violation of NH RSA 275:48, II.

## COUNT IV

### VIOLATION OF NH RSA 275:56

43. The Plaintiff incorporate and re-alleges the allegations contained in paragraphs 1 through 42.

44. Plaintiff asserts that on February 21, 2008 he requested a copy of his personnel file from the Defendant CSC, however the Defendant has failed to produce a copy or otherwise provide the Plaintiff access to his personnel file contrary to NH RSA 275:56.

## COUNT V

### VIOLATION OF NH 358-A:2

45. The Plaintiff incorporate and re-alleges the allegations contained in paragraphs 1 through 44.

46. The Defendant CSC in violation of N.H. RSA § 358-A:2 has willfully collected funds from the Plaintiff for insurance premiums and has failed to pay over those funds to the insurance companies to provide health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance coverages for the Plaintiff.

47. The Defendant has willfully collected funds from the Plaintiff for contribution to a 401k deferred compensation plan and has failed to provide the Plaintiff with the location of the

funds, the name and address of the administrator of the account, and has failed to provide statements of the 401k deferred compensation account to the Plaintiff.

48. That such unfair and deceptive actions by CSC has caused Mr. Johnson monetary damages.

49. Mr. Johnson is entitled to damages and reasonable attorney's fees as a result of CSC's violation and as allowed for by N.H. RSA § 358-A:10(I).

### *REQUEST FOR RELIEF*

WHEREFORE, Plaintiff requests judgment against the Defendant for damages in the amount of Plaintiff's medical bills incurred and amounts paid by the Plaintiff forr insurance premiums for which insurance coverage for health, dental, vision, life, accidental death and dismemberment, and short and long term disability insurance was not received by the Plaintiff, and amounts paid by Plaintiff which were to be contributed to a 401k deferred compensation plan, plus interest, liquidated damages and attorney's fees and costs as provided under NH RSA 275:53, I and III, and such further relief that the Court deems just.

    Respectfully submitted,

    BRIAN JOHNSON
    By his counsel,
    SHAINES & MCEACHERN, P.A.

Date: August 5, 2009    By: /s/ Robert A. Shaines
    Robert A. Shaines, Esq., #2308
    Laurie A. Lacoste, Esq., #16465
    282 Corporate Drive
    PO Box 360
    Portsmouth, NH  03802-0360
    603-436-3110
    rshaines@shaines.com
    llacoste@shaines.com